# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Shawn Michael White | § | Case No. 15-23086 |
| Noemi Garcia-White | § | |
| | § | |
| | § | |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/06/2015 . The undersigned trustee was appointed on 07/06/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $    9,797.04

   Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 26.72 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]          $ | 9,770.32 |

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 01/13/2016 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,729.70 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,729.70 , for a total compensation of $ 1,729.70 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 11.90 , for total expenses of $ 11.90 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/14/2016            By: /s/Frank J. Kokoszka
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-23086 | DRC | Judge: | Donald R Cassling | Trustee Name: | Frank J. Kokoszka |
|---|---|---|---|---|---|---|
| Case Name: | Shawn Michael White | | | | Date Filed (f) or Converted (c): | 07/06/2015 (f) |
| | Noemi Garcia-White | | | | 341(a) Meeting Date: | 08/04/2015 |
| For Period Ending: | 10/14/2016 | | | | Claims Bar Date: | 01/13/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Debtors Typically Carry Approximately $60.00 Each On Hand Fo | 120.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account - Approximate Balance At Time Of Filing Is | 100.00 | 0.00 | | 0.00 | FA |
| 3. Miscellaneous Household Goods And Furnishings | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. Music Cd's And Books | 100.00 | 0.00 | | 0.00 | FA |
| 5. Clothing For Two Adults | 350.00 | 0.00 | | 0.00 | FA |
| 6. Wedding Bands And Other Assorted Jewelry | 1,150.00 | 0.00 | | 0.00 | FA |
| 7. Needlework Supplies, Craft Supplies, Art Supplies, And Board | 1,200.00 | 0.00 | | 0.00 | FA |
| 8. Term Life Insurance - No Cash Value | 0.00 | 0.00 | | 0.00 | FA |
| 9. Husband's 401(K) Fund Estimated At $28,255.00 - Fund Subject | 15,823.96 | 0.00 | | 0.00 | FA |
| 10. 2009 Toyota Prius - Good Condition - Mileage:121,000 - Kelle | 4,817.00 | 0.00 | | 0.00 | FA |
| 11. 2010 Toyota Sw/Rav 4 - Good Condition - Mileage: 74,000 - Ke | 10,671.00 | 0.00 | | 0.00 | FA |
| 12. Miscellaneous Office Supplies And Desktop Computer | 300.00 | 0.00 | | 0.00 | FA |
| 13. Two Domestic Short-Hair Cats From Rescue Center - No Cash Va | 0.00 | 0.00 | | 0.00 | FA |
| 14. Preference- Lending Corp. (u) Listed on SOFA | 0.00 | 797.04 | | 797.04 | FA |
| 15. Preference Recovery Against Carmen Ortiz Trustee reached a settlement with Carmen Ortiz concerning alleged preferential transfers. | 0.00 | 9,000.00 | | 9,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $36,131.96   $9,797.04   $9,797.04   $0.00

(Total Dollar Amount in Column 6)

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Exhibit A

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Preference Demand Letter sent To Carmen Ortiz on August 23, 2015

Preference Demand letter sent to Lending Club on August 26, 2015. (Check received in the full amount of demand: $797.07)

Initial Projected Date of Final Report (TFR): 08/04/2016        Current Projected Date of Final Report (TFR): 08/04/2016

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | | |
|---|---|---|
| Case No: 15-23086 | Trustee Name: Frank J. Kokoszka | |
| Case Name: Shawn Michael White | Bank Name: Bank of Kansas City | |
| Noemi Garcia-White | Account Number/CD#: XXXXXX0069 | |
| | Checking | |
| Taxpayer ID No: XX-XXX0463 | Blanket Bond (per case limit): $5,000,000.00 | |
| For Period Ending: 10/14/2016 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/24/15 | 14 | LendingClub Corporation<br>71 Stevenson Street, Suite 300<br>San Francisco, CA 94105 | Preference Payment<br>Check received from preferential transferee Lending Club Corporation in response to demand letter sent by Trustee. | 1241-000 | $797.04 | | $797.04 |
| 01/18/16 | | Maria D. Ortiz (for Carmen Ortiz)<br>6 S Cagwin Ave<br>Joliet, IL 60436 | Preference Payment<br>Payment received pending court approval of settlement of preferential transfer action. | 1141-000 | $9,000.00 | | $9,797.04 |
| 01/18/16 | | Maria D. Ortiz (for Carmen Ortiz)<br>6 S Cagwin Ave<br>Joliet, IL 60436 | Preference Payment Reversal<br>After receipt was logged, discovered that check was not Signed.<br>Sent back to Ms. Ortiz for her signature. | 1141-000 | ($9,000.00) | | $797.04 |
| 02/01/16 | 15 | Maria D Ortiz<br>6 S Cagwin Ave<br>Joliet, IL 60436 | Preference Payment<br>We got this check a couple weeks ago but it was unsigned, so we just got it back on Jan. 29 with the signature. Previous entry on receipt log voided out. | 1141-000 | $9,000.00 | | $9,797.04 |
| 02/29/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.22 | $9,784.82 |
| 03/31/16 | | Bank of Kansas City | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.50 | $9,770.32 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $9,797.04 | $26.72 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $9,797.04 | $26.72 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $9,797.04 | $26.72 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                Page Subtotals:                $9,797.04        $26.72

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0069 - Checking | $9,797.04 | $26.72 | $9,770.32 |
|  | $9,797.04 | $26.72 | $9,770.32 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $9,797.04 |
| Total Gross Receipts: | $9,797.04 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-23086
Case Name: Shawn Michael White
           Noemi Garcia-White
Trustee Name: Frank J. Kokoszka

Balance on hand                                              $      9,770.32

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frank J. Kokoszka | $ 1,729.70 | $ 0.00 | $ 1,729.70 |
| Trustee Expenses: Frank J. Kokoszka | $ 11.90 | $ 0.00 | $ 11.90 |
| Attorney for Trustee Fees: Kokoszka & Janczur, P.C. | $ 1,000.00 | $ 0.00 | $ 1,000.00 |

Total to be paid for chapter 7 administrative expenses     $      2,741.60
Remaining Balance                                          $      7,028.72

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 23,365.75  have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 30.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 1,881.89 | $ 0.00 | $ 566.10 |
| 2 | Discover Bank | $ 1,568.04 | $ 0.00 | $ 471.69 |
| 3 | U.S. Department Of Education | $ 1,246.68 | $ 0.00 | $ 375.02 |
| 4 | Pyod, Llc Its Successors And Assigns As Assignee | $ 1,832.40 | $ 0.00 | $ 551.21 |
| 5 | Capital One, N.A. | $ 734.43 | $ 0.00 | $ 220.93 |
| 6 | Capital One Bank (Usa), N.A. | $ 635.23 | $ 0.00 | $ 191.09 |
| 7 | Capital One Auto Finance, | $ 6,058.07 | $ 0.00 | $ 1,822.35 |
| 8 | Pyod, Llc Its Successors And Assigns As Assignee | $ 1,027.62 | $ 0.00 | $ 309.12 |
| 9 | Capital Recovery V, Llc | $ 1,284.76 | $ 0.00 | $ 386.47 |
| 10 | Capital Recovery V, Llc | $ 1,126.36 | $ 0.00 | $ 338.82 |
| 11 | Pyod, Llc Its Successors And Assigns As Assignee | $ 5,970.27 | $ 0.00 | $ 1,795.92 |

Total to be paid to timely general unsecured creditors          $        7,028.72

Remaining Balance                                               $            0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE